IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AIMEE SHEMANO-KRUPP,

    Plaintiff,

    v.

MUTUAL OF OMAHA INSURANCE COMPANY, et al.,

    Defendants.

No. C 05-04693 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS RE MOTIONS FOR SUMMARY JUDGMENT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 18, 2006 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** Plaintiff's motion for summary adjudication re coverage and **DENIES** Plaintiff's motion for summary judgment re standard of review. The Court **tentatively GRANTS** Defendants' motion for partial summary judgment on state law causes of action and the issue of controlling law and **GRANTS** Defendants' motion for summary judgment on the standard of review.

The parties shall have 30 minutes to address the following questions:

**Standard of Review**

1. Is there a question of material fact regarding whether the discretionary authority Rider was subsequently added to the Policy as Plaintiff alleges or was integrated into the original May 1988 Policy? How can Mr. Lilienstein's hearsay statements in his declaration create a dispute of fact? (*See* Declaration of David M. Lilienstein in Support of Motion re Standard of Review, ¶16; *contra* Declaration of Kathy Sands, ¶ 3.)

2. Under what authority does Plaintiff contend that United was required to disclose that the policy was governed by ERISA in their initial denial letters? What was the effect, if any, of this early failure to disclose?

3. If the Court were to find that the abuse of discretion standard applies in this case, are the apparent disputed facts regarding Mr. Shemano's eligibility immaterial because there is substantial evidence in the record to support United's decision? (*See Snow v. Standard Ins. Co.*, 87 F.3d 327, 331 (9th Cir. 1996) (holding that the abuse of discretion standard does not permit the overturning of a decision where there is relevant evidence that reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence).)

4. What is Mutual of Omaha's role in the administration of the subject policies? Does Mutual of Omaha qualify as an ERISA fiduciary?

5. Do the parties have anything further they wish to address?

**Applicable Law, Coverage Issues and State Law Causes of Action**

1. Why are the letters of Mr. Shemano's co-workers insufficient to establish at least a question of fact regarding whether Mr. Shemano was working 30 hours or more per week at his regular job and customary place of employment from June 2002 until June 2003?
   a. Under what authority does the insurer require copies of time cards, timesheets, calendars, records of sale/securities transactions indicating he traded securities, or commission, payroll or tax records reflecting compensation paid to Mr. Shemano? Doesn't this material merely go to the weight of the evidence?
   b. How is the fact that the letters were created later in time a basis for an evidentiary objection?
   c. Does United have authority for the position that the Court may, at summary judgment, assess the credibility of the allegedly contradictory contemporaneous statements by Mr. Shemano?

2. Plaintiff argues that the Policy certificate indicates that coverage continues – even for an employee who would otherwise be ineligible – if the premiums are paid. (Plaintiff's Motion re Coverage at 15, citing section 10 of certificate.) What support does Plaintiff have for her contention that United's claimed entitlement to a late charge notice in the amount of unpaid premiums for a late-noticed ineligible person amounts to United's concession that receipt of premiums for an ineligible person compels coverage for that person?

2

3. Could Mr. Shemano be both totally disabled (i.e., unable to generate earnings which exceeded 20% of his basic monthly earnings) and also work a minimum of 30 hours per week? (There are facts in the record to demonstrate that Mr. Shemano may have worked 30 hours a week, but was paid approximately $25,000, less than 20% of his previous years earnings. *See* Declaration of David M. Lilienstein in Support of Motion re Coverage, Exs. M, X.)

4. Does Plaintiff's analysis of the 'process of nature' doctrine in the life insurance context, require that anytime an insured is diagnosed with a terminal illness, that person is covered upon death, regardless of whether the policy is still in force? Defendants contend that although the process of nature rule is saved from ERISA, the rule does not apply in the life insurance context. How do Defendants reconcile the holding in *National Life and Accident Insurance Co. v. Edwards*, 119 Cal. App. 3d 326, 334 (1981), in which the rule was extended to the double indemnity provision of accidental death policies?

5. What is the effect of Defendants' agent Rodger Benard's opinion that Mr. Shemano's life insurance policy was in force at the date of his death? (*See, e.g., Marsh & McLennan of California, Inc. v. City of Los Angeles*, 62 Cal. App. 3d 108, 117 (1976).) Is there admissible evidence to the effect that Mr. Benard informed Mr. Shemano that his life insurance policy would be in effect at the time of his death?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: August 23, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE